FILED
United States Court of Appeals
Tenth Circuit

July 25, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JESUS QUINTANA,

    Defendant - Appellant.

No. 19-3109
(D.C. No. 2:17-CR-20043-CM-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **BACHARACH**, Circuit Judges.
_____

Following his acceptance of a plea agreement that included a waiver of his right to appeal, Jesus Quintana pleaded guilty to conspiracy to distribute and to possess with intent to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846. He was sentenced to 90 months' imprisonment. Despite the waiver, he appealed. The government has moved to enforce the appeal waiver. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In evaluating a motion to enforce an appeal waiver, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. In response to the government's motion, Quintana concedes that "[t]he record reveals no facts which suggest that [the *Hahn*] factors are not met for purposes of this direct appeal." Resp. at 1.

Our independent review confirms that the proposed issue for appeal (identified in Quintana's Docketing Statement as an appeal of his sentence) falls within the scope of his waiver. The plea agreement clearly sets forth the waiver and states that it was knowing and voluntary, and the district court discussed the waiver and voluntariness at the plea hearing. There is no contradictory evidence in the record indicating that Quintana did not knowingly and voluntarily accept the waiver. Finally, there is no indication in the record that enforcing the waiver would result in a miscarriage of justice as defined in *Hahn*, 359 F.3d at 1327.

The motion to enforce is granted and the appeal is dismissed.[1]

Entered for the Court
Per Curiam

---

[1] We decline Quintana's request to "clarify that the dismissal is without prejudice to his right to challenge the appellate waiver through collateral attack." Resp. at 2. The sole issue before us is whether to grant the government's motion to enforce his appellate waiver and dismiss his direct appeal.

2